## HOLLIDAY vs. McCULLOCH & AL.

APPEAL from the court of the first district.

A defendant is not regularly in court by service on an attorney appointed by the court to defend him.

PORTER J. delivered the opinion of the court. The petitioner states that he is a partner with

East'n District.
*Dec.* 1824.

HOLLIDAY
*vs.*
M'CULLOUGH
& AL.

the several defendants mentioned in the petition in a sugar plantation situated in the first district. The object of the suit appears to be for an account and settlement, a sale of the partnership property to pay the advance made by the plaintiff, and a division of the surplus, if any there should be, after the payment of the debts.

The defendants are stated to be citizens and residents of the state of Maryland. No service of the petition was made on them, nor any person representing them, but on an application of plaintiff's counsel, suggesting that they lived in Maryland, an attorney was appointed to represent them.

The attorney pleaded to the jurisdiction, and the court having sustained the exception the plaintiff appealed.

It does not appear to us the judge erred.— We have been unable to find any provision in our law which authorises the course of proceeding the plaintiff has pursued. By the 12th law of the 2d title of the 3d Partida, it is enacted that if a person, against whom suit is intended to be brought, should be absent, the plaintiff may petition the judge of the place to

East'n. District.
*Dec.* 1824.

HOLLIDAY
*vs.*
M'CULLOUGH
& AL.

appoint one or more curators. Our own code has pointed out the cases in which curators ought to be put in possession of the estate of absent persons. Whether the defendants be in that situation is an enquiry not necessary to be gone into here, as the appointment was not made to the estate before suit commenced, but to defend the action, and the defendants were no otherwise in court but by the order of the judge directing an attorney to defend them. The article of our code which authorises the judge to appoint proper persons to defend the rights of an absentee, limits the power to cases where there is a suit pending, in which his right may be involved, and does not extend to a suit instituted directly against the person. Such was the construction put on this article in the case of *Astor* vs. *Winter.* *Civil Code,* 14, *art.* 8. 8 *Martin,* 206.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Livermore* for the plaintiff, *Pierce* for the defendants.